## ST. LOUIS SOUTHWESTERN RY. CO. v. STEWART. (No. 2713.) *

(Court of Civil Appeals of Texas. Texarkana. March 29, 1923. Rehearing Denied April 18, 1923.)

**Railroads ⬤�longdash484(3)—Cause of fire held for jury.**

Evidence *held* sufficient for submission of the question whether the fire which destroyed a barn was caused by a spark from a locomotive.

Appeal from District Court, Hunt County; Newman Phillips, Judge.

Action by Sam M. Stewart against the St. Louis Southwestern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

B. F. Crosby, of Greenville, for appellant.
Clark & Sweeton, of Greenville, and O. C. Mulkey, of Commerce, for appellee.

LEVY, J. The appellee owned certain personal property that was in a barn located not far distant from the right of way of appellant. Fire destroyed the barn and contents in December, at about 9 o'clock p. m. The appellee sued the appellant, alleging that the fire was negligently set out by one of its locomotives. The appellant answered by a general and special denial, and pleaded contributory negligence on the appellee's part. The case was tried before a jury, and their verdict was in favor of the appellee. There is involved in the verdict of the jury the findings of fact that the appellant's locomotive set out fire which caused the loss of the property sued for, and that the fire was negligently set out, and that appellee was not guilty of the contributory negligence charged. There is evidence to support the jury findings, and the findings are sustained.

According to the evidence it appears that a special or extra train of appellant's, going west, passed near the barn at about 8:30 o'clock p. m. on December 10th, the "night of the box supper," and at the time of the passing, coming up a heavy grade, emitted sparks. At the time a heavy wind was blowing towards the barn from the track. At about 9 o'clock p. m. the barn was discovered on fire, and the fire caught in the old and rotten shingles of the roof. No other cause is apparent for the burning of the barn except from the fire emitted from the locomotive so recently passing. The manner of handling and operating the locomotive, or maintenance of the spark arrester, could apparently have caused the fire to be thrown out. While the evidence is conflicting, these facts could have been determined by the jury from the evidence.

There was no error, as the evidence appears, in refusing to give a peremptory instruction in favor of the appellant.

It is thought that there was no error in refusing the several special charges, and therefore the assignments are overruled.

It is believed that there was no reversible error in admitting the evidence complained of in the sixth assignment of error; and as the verdict was not, as we conclude, excessive, the sixth and seventh assignments are overruled.

The judgment is affirmed,

---

⬤�longdashFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction May 30, 1923.